Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Caribbean Construction Partners Corp.<br><br>Apelante<br><br>vs.<br><br>CPG/GS Island Properties VI, LLC<br><br>Apelada | KLAN202300746 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2019CV06560<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Comparece ante nos, Caribbean Construction Partners, Corp. (Caribbean Construction o parte apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia" emitida el 24 de mayo de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen, el foro primario declaró Ha Lugar la "Solicitud de Sentencia Sumaria" presentada por CPG/GS Island Properties VI, LLC. (Island Properties o parte apelada).

Examinada la solicitud de autos, el "Alegato de la Parte Apelada", la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos el dictamen mediante los fundamentos que expondremos a continuación.

**I.**

El 21 de junio de 2019, Caribbean Construction presentó una "Demanda" por cobro de dinero contra Island Properties. En esencia, alegó que, para el mes de septiembre de 2016, suscribió

---
[1] Notificada ese mismo día.

Número Identificador

SEN2023 _____

un contrato con la parte apelada para realizar unas mejoras en el local comercial conocido como Posh Haus, ubicado en Paseo Caribe, San Juan. Arguyó que, tras completarse el trabajo, emitió la factura 1161 por $17,443.00, la cual fue aprobada por Island Properties. Sin embargo, adujo que esta última se negó a pagar el monto adeudado por concepto de servicios prestados, a pesar de las gestiones extrajudiciales realizadas a esos efectos. Por esta razón, reclamó el pago de $17,443.00, más costas y honorarios de abogado.

En respuesta, el 17 de septiembre de 2019, Island Properties presentó su "Contestación a la Demanda", y negó varias de las alegaciones contenidas en la reclamación. En la afirmativa, alegó que la entidad que contrató con Caribbean Construction fue Nazbnaz Corp. (Nazbnaz), y no la parte apelada. Además, afirmó que, conforme el contrato de arrendamiento suscrito entre la parte apelada y Nazbnaz, esta última era responsable de notificar por escrito cualquier reparación estructural a realizarse en el local arrendado, y no lo hizo así. Adicionalmente, negó haber aprobado y/o consentido a que se hicieran mejoras en el local arrendado. Por ende, sostuvo que era Nazbnaz quien le debía pagar la factura 1161.

El 28 de enero de 2020, Caribbean Construction enmendó su reclamación a los efectos de incluir a Nazbnaz como parte codemandada, y alegar que esta respondía solidariamente por la suma adeudada.[2] El 6 de agosto de 2020, Nazbnaz presentó su "Contestación a la Demanda Enmendada" y negó responsabilidad por el pago de la factura 1161. Posteriormente, Caribbean Construction desistió con perjuicio de la acción contra Nazbnaz.[3]

---

[2] Véase, "Demanda Enmendada"; apéndice págs. 58-61.
[3] Véase, "Aviso de Desistimiento Voluntario" del 19 de febrero de 2023; apéndice pág. 258.

Culminado el descubrimiento de prueba, el 25 de enero de 2023, Island Properties presentó una "Solicitud de Sentencia Sumaria" y, en esencia, argumentó lo siguiente: (1) que, conforme los términos del contrato de arrendamiento, el arrendatario (Nazbnaz) estaba obligado a notificar al arrendador (Island Properties) sobre las mejoras que pretendía realizar en el local arrendado, por escrito y antes de comenzarse los trabajos; (2) que no hay evidencia de que el arrendatario (Nazbnaz) haya enviado esta notificación al arrendador (Island Properties); (3) que, según el contrato de arrendamiento, el arrendador (Island Properties) tenía que aprobar por escrito dichas mejoras; (4) que tampoco hay evidencia de que el arrendador (Island Properties) haya hecho tal aprobación; y (5) que, mediante la factura 1161, Caribbean Construction pretende cobrar unos trabajos que ya le fueron facturados a Nazbnaz mediante la factura 1079. Por estas razones, esgrimió que no le corresponde pagar la factura 1161, sino que, en todo caso, el responsable es Nazbnaz.

Por su parte, el 19 de febrero de 2023, Caribbean Construction presentó su "Oposición a 'Solicitud de Sentencia Sumaria' y Solicitud de Sentencia Sumaria a favor de la Parte Demandante". Negó varios de los hechos incontrovertidos propuestos por la parte apelada, incluyendo aquellos que giraban en torno al incumplimiento del contrato de arrendamiento suscrito entre Island Properties y Nazbnaz. Sobre este particular, señaló que, las obligaciones que surgen de dicho contrato no le son oponibles, puesto que Caribbean Construction no es parte del contrato de arrendamiento. En cuanto a la factura 1079, mencionó que la misma no es objeto del presente pleito y que, aunque se le envió por error a Island Properties, dicha factura estaba dirigida a Nazbnaz quien emitió el pago correspondiente. Por otro lado, apuntó que, tanto el señor Edward L. Stutz,

vicepresidente de administración de activos de Island Properties (en adelante, Ed Stutz), así como el señor Benito Rodríguez, Proyect Manager de Island Properties, fueron quienes solicitaron las mejoras hechas en el local comercial Posh Haus, y posteriormente proveyeron los planos de dicho local. Asimismo, expuso que, fue Ed Stutz quien preguntó a la parte apelante si estaba interesada en hacer el trabajo, y solicitó que éstos comenzaran inmediatamente. Adicionalmente, indicó que, el 5 de noviembre de 2018, Ed Stutz contestó un correo electrónico enviado por Jorge Roark Annunziato, vicepresidente de Caribbean Construction, y confirmó que había aprobado el trabajo, según le fue requerido por Island Properties. Por lo anterior, reiteró que Island Properties es responsable del pago de la factura 1161, toda vez que fue ésta quien solicitó y aprobó los trabajos facturados.

El 20 de abril de 2023, Island Properties presentó una "Oposición a Solicitud de Sentencia Sumaria de la Parte Demandante y Réplica a Oposición". Enfatizó que, no se siguieron los mecanismos contractuales dispuestos en el contrato de arrendamiento. Además, reafirmó que no existe evidencia de que Island Properties haya solicitado o autorizado los trabajos por los cuales se reclama. Asimismo, negó que Ed Stutz o Benito Rodríguez tuviesen relación alguna con la parte apelada, sino que éstos representaban a CPG Real Estate y a CPG/Paseo Caribe, respectivamente. Finalmente, destacó que los correos electrónicos presentados por la parte apelante eran inadmisibles en evidencia, y que el pago de la factura 1161 lo debía hacer Nazbnaz.

Evaluadas las mociones presentadas por ambas partes, el 24 de mayo de 2023,[4] el Tribunal de Primera Instancia emitió una "Sentencia" mediante la cual declaró Ha Lugar la "Solicitud de Sentencia Sumaria" presentada por Island Properties. Determinó

---

[4] Notificada ese mismo día.

que Caribbean Construction no controvirtió los hechos propuestos por la parte apelada, según lo requiere la Regla 36.3 de Procedimiento Civil, *infra.*

Inconforme, el 8 de junio de 2023, Caribbean Construction presentó una "Moción de Reconsideración". Entre otras cosas, recalcó que su oposición cumplió con la Regla 36.3 de Procedimiento Civil, *infra,* ya que, como las obligaciones contractuales entre Island Properties y Nazbnaz no son esenciales y pertinentes en este caso, no había necesidad de controvertir tales hechos.    Expresó que, dichas obligaciones contractuales solo daban lugar a una acción por nivelación entre la parte apelada y Nazbnaz.

Ante ello, el 19 de julio de 2023, Island Properties presentó una "Oposición a Moción de Reconsideración" y, en resumidas cuentas, reiteró que nunca tuvo una relación contractual con Caribbean Construction, que esta última no pudo demostrar lo contrario, y que Nazbnaz era responsable del pago reclamado.

Atendidas las posturas de ambas partes, el 24 de julio de 2023,[5] el foro *a quo* declaró No Ha Lugar la "Moción de Reconsideración" presentada por Caribbean Construction.

Aún insatisfecha, Caribbean Construction recurre ante este foro apelativo intermedio, y señala la comisión de los siguientes errores, a saber:

> *El TPI erró al dictar Sentencia Sumaria e imponer a la parte demandante los términos y condiciones de un contrato del cual no formó parte.*
>
> *El TPI erró al dictar Sentencia Sumaria a favor de CPG cuando a la luz de la evidencia presentada y por decidir a base de hechos que no eran esenciales o pertinentes.*

**II.**

La sentencia sumaria es un mecanismo procesal provisto por nuestro ordenamiento con el fin de propiciar la solución justa,

_____

[5] Notificada en igual fecha.

rápida y económica de pleitos que no contengan controversias genuinas de hechos materiales, y en los cuales resulta innecesaria la celebración de un juicio. *Rosado Reyes v. Global Healthcare,* 205 DPR 796, 808 (2020); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 115 (2015); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013).

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula el mecanismo de sentencia sumaria. En lo pertinente, procede dictar sentencia sumaria si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada, si alguna, demuestran la inexistencia de controversia real y sustancial sobre algún hecho esencial y pertinente y que, como cuestión de derecho procede hacerlo. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *Rosado Reyes v. Global Healthcare, supra,* a las págs. 808 y 809.

El promovente de la sentencia sumaria deberá demostrar que no existe controversia real sustancial de ningún hecho material. Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a); *Rosado Reyes v. Global Healthcare, supra,* a la pág. 808. Un hecho material es definido como aquel que "puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Const. José Carro v. Mun. Dorado,* 186 DPR 113, 129-130 (2012). Se podrá derrotar una moción de sentencia sumaria si existe una "duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes". *Íd.,* a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012).

La Regla 36.3(a) de Procedimiento Civil, *supra,* dispone que la moción de sentencia sumaria deberá contener:

*1. Una exposición breve de las alegaciones de las partes;*
*2. los asuntos litigiosos o en controversia;*

*3. la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
*4. una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
*5. las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
*6. el remedio que debe ser concedido.*

Por su parte, quien se opone a la sentencia sumaria deberá presentar su contestación dentro del término de 20 días desde que fue notificada. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si ésta no presenta su contestación dentro del referido término, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, *supra*. Además, deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). De igual forma, deberá relacionar de forma concisa los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia y deberá refutar los hechos materiales que están en controversia presentando evidencia sustancial. Regla 36.3(b)(2) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b)(2); SLG *Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 336 (2021), *Rosado Reyes v. Global Healthcare*, *supra*, a la pág. 808; *Pepsi-Cola v. Mun. Cidra et al.*, *supra*, a la pág. 756.

Toda inferencia que se haga de los hechos incontrovertidos, debe efectuarse de la forma más favorable a la parte que se opone a la sentencia sumaria. *Const. José Carro v. Mun. Dorado, supra*, a la pág. 130; *Pepsi-Cola v. Mun. Cidra et al.*, *supra*, a la pág. 756. Nuestro Tribunal Supremo ha expresado que, "el hecho de que la otra parte no presente prueba que controvierta la evidencia

presentada por la parte promovente de la moción de sentencia sumaria, no implica necesariamente que dicha moción procederá automáticamente si en verdad existe una controversia sustancial sobre hechos esenciales y materiales". SLG *Fernández-Bernal v. RAD-MAN et al.*, *supra,* a la pág. 337. No se dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al.*, *supra*, a la pág. 756. Tampoco procede dictar sentencia por la vía sumaria "en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión*, 178 DPR 200, 219 (2010).

Nuestro Máximo Foro ha reiterado que el Tribunal de Apelaciones se encuentra en igual posición que los tribunales de primera instancia al revisar solicitudes de sentencia sumaria. *Rosado Reyes v. Global Healthcare, supra,* a la pág. 809. Es por lo que, el Tribunal de Apelaciones "está regido por la Regla 36 de Procedimiento Civil, *supra*, y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario". *Meléndez González et al. v. M. Cuebas, supra,* a la pág. 118. El Tribunal de Apelaciones no podrá considerar documentos que no fueron presentados ante el foro primario, ni adjudicar hechos materiales y esenciales en controversia. *Íd.*, a las págs. 114 y 115. Los criterios a seguir por este tribunal, al atender la revisión de una sentencia sumaria dictada por el foro primario, han sido enumerados con exactitud por nuestro Tribunal Supremo. *Roldán Flores v. M.*

*Cuebas et al,* 199 DPR 664, 679 (2018).   A tenor, el Tribunal de Apelaciones debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*
>
> *3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*
>
> *4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.*

**III.**

Según revela el tracto procesal, la "Sentencia" cuya revocación se solicita fue dictada al amparo de la Regla 36 de Procedimiento Civil, *supra.*   Por tanto, y de conformidad con lo resuelto por nuestro Tribunal Supremo en el caso de *Roldán Flores v. M. Cuebas et al, supra,* pág. 679, nos compete determinar, de manera inicial, si las partes cumplieron con los requisitos necesarios que dimanan de la regla procesal antes mencionada, de modo que podamos entonces considerar las mociones presentadas. Al examinar la "Solicitud de Sentencia Sumaria" presentada por Island Properties ante el foro primario, juzgamos que, ésta cumplió con los requisitos recabados por la Regla 36.3(a) de Procedimiento Civil, *supra.*   En su moción incluyó: (1) copia del contrato de arrendamiento suscrito entre Island Properties y Nazbnaz, (2) copia de las enmiendas realizadas al contrato de arrendamiento, (3) copia de la deposición efectuada el 7 de julio de 2022 a la presidenta de Nazbnaz, la señora Nazli Iqbal, (4) copia de la deposición realizada el 5 de julio de 2022 al señor Jorge Roark Annunziato, vicepresidente de Caribbean Construction, (5) copia

de la factura 1079, (6) copia de la factura 1161, (7) copia del cheque emitido por Nazbnaz en pago de la factura 1079, (8) copia de la declaración jurada hecha por el señor Rafael Muñoz Cruz, representante autorizado de Island Properties, y (9) copia de la "Contestación a Requerimiento de Admisiones" remitido por la parte apelada. Por su parte, el escrito en "Oposición a 'Solicitud de Sentencia Sumaria' y Solicitud de Sentencia Sumaria a favor de la Parte Demandante" presentado por Caribbean Construction también se atuvo a los requisitos recogidos en la Regla 36.3 (b) de las de Procedimiento Civil, *supra;* cuestionando los hechos incontrovertidos propuestos por Island Properties mediante la inclusión de: (1) copia de la deposición realizada el 5 de julio de 2022 al señor Jorge Roark Annunziato, vicepresidente de Caribbean Construction, (2) copia del correo electrónico enviado el 5 de noviembre de 2018, (3) copia del correo electrónico enviado el 14 de septiembre de 2016, (4) porción del perfil de Linkedin de Benito Rodríguez, (5) copia de la "Declaración Jurada" de Caribbean Construction, representada por su vicepresidente, (6) copia del correo electrónico enviado el 23 de septiembre de 2016, y (7) copia de las cartas de cobro enviadas a Island Properties. Con estos mismos documentos Caribbean Construction sustentó los hechos incontrovertidos propuestos en su solicitud, en cumplimiento con la Regla 36.3(a) de Procedimiento Civil, *supra.* En términos análogos, Island Properties presentó una "Oposición a Solicitud de Sentencia Sumaria de la Parte Demandante y Réplica a Oposición" cuestionando varios de los hechos incontrovertidos propuestos por Caribbean Construction, haciendo referencia a los anejos incluidos por ambas partes en sus respectivas solicitudes.

Lo anterior nos habilita para atender propiamente los errores señalados en el recurso de apelación. Dicho esto, procedemos

entonces a evaluar si existen o no controversias sobre hechos materiales que impiden la disposición sumaria del caso ante nos.

Del tracto procesal discutido surge que Island Properties y Nazbnaz celebraron un contrato de arrendamiento por el cual el primero le alquiló una propiedad comercial al segundo. Este hecho las partes no lo han puesto en controversia, y puede corroborarse mediante el contrato de arrendamiento que adjuntó la parte apelada junto con su solicitud de sentencia sumaria. En su petición, Island Properties aduce que, según los términos del contrato de arrendamiento, el arrendatario, en este caso Nazbnaz, tenía que solicitar, y el arrendador aprobar, los trabajos o mejoras que se pretendían llevar a cabo en el local comercial arrendado. Sobre esto, Island Properties arguye que Nazbnaz nunca solicitó los trabajos que Caribbean Construction hizo en el local comercial arrendado. A su vez, afirma que, como arrendador, tampoco aprobó los trabajos, según fue acordado. Por esto, la parte apelada sostiene que Nazbnaz es el responsable del pago de la factura 1161, objeto del presente litigio.

En su dictamen, el Tribunal de Primera Instancia aclaró que no estaría detallando las determinaciones de hecho a tenor con lo resuelto en *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019). De esta forma, y según expresó nuestro Alto Foro en el precitado caso, debemos tomar como hechos incontrovertidos aquellos "que fueron propuestos por la parte promovente en su solicitud". *Íd.* a la pág. 704. Tras una lectura de la "Solicitud de Sentencia Sumaria" presentada por Island Properties, nos percatamos que, de los 21 hechos que alegadamente no están en controversia, solo 5 de estos hacen referencia a Caribbean Construction. En esencia, se menciona que la parte apelante emitió la factura 1079 dirigida a

Nazbnaz,[6] que se la envió a Island Properties,[7] que esta última cuestionó el por qué le habían enviado dicha factura,[8] y que, posteriormente, Caribbean Construction le envió la factura 1161.[9] En su oposición, la parte apelante aceptó el primero (que la factura 1079 estaba dirigida a Nazbnaz) y el último (que le envió a Island Properties la factura 1161). Sin embargo, negó los otros dos por entender que existe una duda genuina sobre el hecho de si la factura 1079 fue enviada erróneamente a Island Properties. **Coincidimos con la parte apelante en que estos hechos**, **aun tomándolos como ciertos**, **no son materiales para disponer de la controversia**. Primero, la factura 1079 no es objeto del presente pleito. Segundo, Island Properties no presentó evidencia que demuestre que, por medio de la factura 1161, Caribbean Construction pretende cobrar, por segunda ocasión, los trabajos ya facturados en la factura 1079. Sino que, se limita a mencionar que "[e]stos trabajos de construcción descritos en la Factura Núm. 1079 eran **similares** a los trabajos de construcción descritos en la Factura Núm. 1161, lo cual causó confusión y sospecha".[10] (Énfasis Provisto). Por último, Island Properties admite que ya Nazbnaz pagó la factura 1079 en su totalidad.[11] Por las razones que anteceden, en este caso, los hechos propuestos por la parte apelada en cuanto a la factura 1079 son impertinentes e inmateriales. Por esto, no podemos tomar como hechos incontrovertidos los siguientes hechos propuestos por Island Properties:

> *Caribbean Construction envió la factura 1079 a Island Properties.*
>
> *Island Properties le preguntó a Caribbean Construction por qué se le había enviado la factura núm. 1079, ya*

---

[6] Véase, parte IV hecho número 10 de la "Solicitud de Sentencia Sumaria".
[7] Véase, parte IV hecho número 11 de la "Solicitud de Sentencia Sumaria".
[8] Véase, parte IV hecho número 12 de la "Solicitud de Sentencia Sumaria".
[9] Véase, parte IV hecho número 14 de la "Solicitud de Sentencia Sumaria".
[10] Véase, "Oposición a Moción de Reconsideración" pág. 1; apéndice pág. 323.
[11] *Íd.*

*que la misma estaba a nombre de Nazbnaz y no Island Properties.*

Aclarado este asunto, debemos precisar que, en el caso de marras la controversia a resolver es la siguiente: **si fue Island Properties quien contrató los servicios de Caribbean Construction para que esta última hiciera los trabajos descritos en la factura 1161**.

Sobre este particular, Island Properties propuso un solo hecho en su petición de sentencia sumaria, indicando que no "contactó a Caribbean Construction para realizar trabajos en el local de Nazbnaz".[12] Fundamentó esta premisa en sus contestaciones al interrogatorio cursado por Nazbnaz, en el cual indicó que no contrató a Caribbean Construction para realizar las mejoras.[13]

Sin embargo, Caribbean Construction niega este hecho,[14] y argumenta lo contrario. Sostiene que, Island Properties, a través de Ed Stutz y Benito Rodríguez, solicitaron los trabajos que fueron realizados por la parte apelante en el local Posh Haus.[15] Para sustentar lo anterior, adjuntó a su escrito unos correos electrónicos: (1) en el primero, del 14 de septiembre de 2016, el señor Benito Rodríguez proveyó los planos del local Posh Haus,[16] (2) en el segundo, del 23 de septiembre de 2016, Ed Stutz indicó que el trabajo debía comenzar inmediatamente y le preguntó a la parte apelante si estaba interesada en realizar el trabajo,[17] y (3) en el tercero, del 5 de noviembre de 2018, Ed Stutz confirmó haber aprobado el trabajo, según le fue requerido por Island Properties.[18]

---

[12] Véase, parte IV hecho número 21 de la "Solicitud de Sentencia Sumaria".
[13] Véase, respuesta 12 de la "Contestación a Requerimiento de Admisiones"; apéndice pág. 248.
[14] Véase, parte VI inciso 2 de la oposición; apéndice pág. 262.
[15] Véase, parte VII hecho número 6 de la oposición; apéndice pág. 264.
[16] Véase, parte VII hecho número 7 de la oposición; apéndice pág. 280.
[17] Véase, parte VII hecho número 8 de la oposición; apéndice pág. 291.
[18] Véase, parte VII hecho número 10 de la oposición; apéndice pág. 278.

**Luego de evaluar el legajo apelativo**, **y constatar la información que surge de los correos electrónicos que se mencionan anteriormente**, **tomamos como hechos incontrovertidos aquellos hechos propuestos por Caribbean Construction en su solicitud**, **los cuales hacen referencia a las fechas y el contenido de estos correos electrónicos**. Además de que nuestra revisión es *de novo*, la prueba documental es susceptible de una evaluación independiente por parte de este Tribunal. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 777 (2005).

Oportunamente, Island Properties presentó "Oposición a Solicitud de Sentencia Sumaria de la Parte Demandante y Réplica a Oposición", y negó estos hechos. Reiteró que sus contestaciones al interrogatorio indicaban que la parte apelada no contrató a Caribbean Construction.[19] En cuanto a los correos electrónicos, expresó que estos eran inadmisibles, por constituir prueba de referencia.[20] Sin embargo, no hizo referencia a prueba admisible en evidencia para controvertir estos hechos. A su vez, sostuvo que Benito Rodríguez y Ed Stutz no eran representantes de Island Properties. Sobre este particular, debemos comentar que **resulta pertinente aclarar qué relación**, **si alguna**, **tenían Benito Rodríguez y Ed Stutz con Island Properties**. Por tanto, no podemos tomar como hechos incontrovertidos los siguientes hechos propuestos por Caribbean Construction:

> *El Sr. Edward L. Stutz, t/c/c Ed Stutz t/c/c Eddie, fungía como vicepresidente de administración de activos (VP, Asset Management) para Island Properties y contaba con la siguiente dirección de email corporativo: estutz@cpgrealestate.com.*
>
> *El Sr. Benito Rodríguez era Proyect Manager de Island Properties y/o Paseo Caribe, quien fungía como mano derecha del Sr. Edward Stutz, quien contaba con la*

---

[19] Véase, parte IV hecho número 6 de la oposición y réplica; apéndice pág. 300.
[20] Véase, parte IV hechos número 7, 8 y 11 de la oposición y réplica; apéndice pág. 300.

*siguiente dirección de email corporativo: benito@paseocaribe.com.*

Como puede observarse, **existen posiciones encontradas en cuanto al aspecto determinante de si Island Properties fue quien contrató los servicios de Caribbean Construction**. El Tribunal de Primera Instancia adoptó la postura de la parte apelada, quien negó responsabilidad por el pago de la factura 1161 amparándose principalmente en el contrato de arrendamiento hecho con Nazbnaz. **Este contrato de arrendamiento es impertinente a la controversia que hoy atendemos**, **pues**, **aquí la controversia es clara**: **si Island Properties contrató los servicios de Caribbean Construction para realizar los trabajos descritos en la factura 1161**. **Las obligaciones contractuales entre Island Properties y Nazbnaz no pueden ser oponibles a un tercero que no formó parte del contrato de arrendamiento**, **y solo darían lugar a una acción por nivelación**, **de ser procedente**. **En otras palabras**, **el hecho de si Nazbnaz**, **como arrendatario**, **solicitó los trabajos**, **y si Island Properties**, **como arrendador**, **aprobó los mismos**, **son inmateriales e impertinentes**. Por esto, no podemos tomar como hechos incontrovertidos los siguientes hechos propuestos por Island Properties:

> *Nazbnaz no tiene evidencia de que Island Properties haya aprobado los trabajos incluidos en la factura núm. 1161, según se indica en la factura.*

> *Nazbnaz alega que los trabajos incluidos en la factura núm. 1161 fueron solicitados por el Sr. Ed Stutz, quien era el "Construction Manager" de Island Properties. Sin embargo, Nazbnaz no tiene evidencia por escrito de ello.*

> *Nazbnaz no tiene evidencia de que ningún personal de Island Properties haya solicitado los trabajos incluidos en la factura núm. 1161, incluyendo al Sr. Ed Stutz y a otros empleados de CPG.*

> *Nazbnaz no tiene evidencia de haber recibido autorización por escrito de parte de Island Properties para realizar los trabajos incluidos en la factura núm. 1161.*

*Nazbnaz no recibió el consentimiento por escrito del Sr. Ed Stutz u otros empleados de Island Properties para realizar los trabajos incluidos en la factura núm. 1161.*

*Nazbnaz alega que Island Properties pagaría la factura núm. 1161. Sin embargo, Nazbnaz no tiene evidencia por escrito de que Island Properties acordó pagarla. Nazbnaz tampoco tiene alguna comunicación de algún representante de Island Properties indicando que dicha factura se pagaría. Además, Nazbnaz no tiene ningún documento de Island Properties aprobando la factura núm. 1161.*

**Aquí**, **le corresponde al Tribunal determinar quién fue la parte que contrató con Caribbean Construction y**, **por ende**, **se obligó a pagar por las mejoras facturadas**. **En este caso no existe un contrato escrito que compruebe con certeza el hecho de la contratación**. **Sino que**, **las partes descansan en evidencia electrónica y testifical para probar sus argumentos**. **Como ya mencionamos**, **existen posiciones encontradas entre las partes respecto a si Island Properties contrató o no a Caribbean Construction para realizar los trabajos de mejoras en el Posh Haus**. **Conforme el derecho discutido**, **no procede dictar sentencia por la vía sumaria cuando el factor de credibilidad es esencial y está en disputa**. *Ramos Pérez v. Univisión*, *supra*, a la pág. 219.

En consecuencia, erró el foro *a quo* al resolver el pleito sumariamente, pues persiste una controversia de hechos que prohíbe la resolución del pleito por esta vía. Conforme a todo lo anterior, debe celebrarse una vista evidenciaria para determinar si Island Properties contrató los servicios de Caribbean Construction para realizar los trabajos descritos en la factura 1161.

### a. Hechos materiales que no están en controversia:

*1. Island Properties y Nazbnaz firmaron un "Standard Retail Space Lease (Paseo Caribe)" para el arrendamiento de 832 pies cuadrados en Paseo Caribe por el término de 10 años.*

*2. El Contrato de Arrendamiento fue firmado e iniciado en todas sus páginas por la Presidenta de Nazbnaz, Nazli Iqbal.*

*3. La tienda de Nazbnaz en Paseo Caribe se llamaba Posh Haus.*

*4. Posh Haus abrió el 27 de abril de 2017 y cerró sus operaciones luego del paso del Huracán María en septiembre de 2017.*

*5. La Sección 6.1 del Contrato de Arrendamiento provee lo siguiente:*

> *"Repairs by Landlord. Within a reasonable period of time after receipt of written notice from Tenant, Landlord shall make necessary structural repairs to...plumbing, pipes and conduits located outside of the Lease Premises...".*

*6. La Sección 6.2 del Contrato de Arrendamiento provee lo siguiente:*

> *"(a) Except only as specifically provided in Section 6.1, Tenant shall make and pay for all repairs to the Leased Premises and all appurtenances, equipment and systems serving only the Leased Premises and shall replace all things which are necessary to keep the same in good state of repair and operating order."*

*7. La Sección 7.2 del Contrato de Arrendamiento provee lo siguiente:*

> *"Tenant shall make no changes, alterations or improvements to the interior or exterior of the Leased Premises or the structure of the building without Landlord's prior written consent...After receipt of such consent, but prior to commencement of any such work, Tenant shall obtain Landlord's prior written approval of the plans and specifications therefor and shall cause Landlord's requirements for bonding, insurance, contractor and other requirements..."*

*8. La Sección 13.18 del Contrato de Arrendamiento provee lo siguiente:*

> *"This Lease contains all of the agreements between the parties hereto, supersedes all prior and/or contemporaneous agreements and understandings and it may not be modified in any manner other than by an agreement in writing signed by all the parties hereto or their successors in interest."*

*9. El 18 de noviembre de 2019, Nazbnaz y Island Properties firmaron un "First Amendment to Lease" para enmendar ciertas secciones del Contrato de Arrendamiento. Las Cláusulas 6.1, 6.2, 7.2 y 13.18 del Contrato de Arrendamiento no fueron enmendadas.*

*10. El 19 de diciembre de 2016, Caribbean Construction emitió una factura número 1079 dirigida a Nazbnaz por la suma de $16,854.80. La misma se relaciona al "construction of new Posh Haus store at Paseo Caribe."*

*11. El 26 de enero de 2017, Nazbnaz emitió un cheque núm. 106 por la suma de $16,000. Este cheque se emitió para pagar parcialmente la factura núm. 1079.*

*12. El 18 de julio de 2017, Caribbean Construction emitió la factura número 1161 por la suma de $17,443.00. La misma está dirigida a Island Properties. La misma describe los siguientes trabajos:*

> *"Building cost for Landlord work at Space 126 – Posh Haus as requested and approved by [Island Properties]. Purchase and installation of metal stud supports required for the appropriate anchoring of the tenant supplied millwork and in accordance with Tenant design. Installation of marble floor. Installation of all space sprinkler lines and associated certifications Installation of sanitary and fresh water rough inn. Work required lab drilling and connection to existing sanitary lines."*

*13. Island Properties fungía como entidad administradora o representativa del Shopping Center, "Paseo Caribe".*

*14. El Sr. Richard Roark t/c/c Ricky es el Presidente de Caribbean Construction y su dirección de correo electrónico para asuntos corporativos es caribbeanconstructiongroup@gmail.com.*

*15. El Sr. Jorge Roark t/c/c Jorge Roark-Annunziato, Esq. es el Vicepresidente de Caribbean Construction y su dirección de correo electrónico para asuntos corporativos es jorge@caribbeanconstructionpartners.com*

*16. El 14 de septiembre de 2016, a las 11:05 AM, Benito Rodríguez le envió un correo electrónico al Sr. Richard Roark con el título "FW: Space Plans 126", donde se proveyeron unos planos para el Local 126. El correo electrónico era un reenvío (Forward – FW) de un correo electrónico de Ed Stutz a Benito Rodríguez y a Richard Roark del mismo día a las 10:39 AM.*

*17. El 23 de septiembre de 2016, el Sr. Ed Stutz envió un correo electrónico a Richard Roark y Jorge Roark con el título "Fwd: FW: Weight of Furniture posh haus", donde Ed Stutz indicó que el trabajo debía comenzar inmediatamente. Además, le preguntó a Caribbean Construction si estaban interesados en realizar el trabajo y que le anticiparan la fecha en que comenzarían. El correo electrónico era un reenvío (Forward – FW) de un correo electrónico de Nazli Iqbal (oficial de Nazbnaz) a Ed Stutz del 23 de agosto de 2016.*

*18. El 5 de noviembre de 2018, a las 4:03 PM, Jorge Roark le envió un correo electrónico a Antonio Tacorante a la dirección antonio.tacorante@cpgservicing.com, con el título "Invoice - Outstanding – Posh Haus Landlord Work". En dicho mensaje se copió a Anthony Santoro a la dirección anthony.santoro@cpgservicing.com; a Sam Kirschner a la dirección skirschner@cpgrealestate.com; a Ed Stutz; y a Rochard Roark. Mediante el correo electrónico se daba seguimiento a la factura en controversia y se aclaró que la misma correspondía a trabajo solicitado y aprobado por Ed Stutz.*

*19. El mismo día, 5 de noviembre de 2018, a las 6:36 PM, Ed Stutz contestó el correo electrónico enviado por Jorge Roark, donde copió a todas las personas incluidas en el mensaje original. En dicho mensaje, Stutz confirmó que había aprobado el trabajo, según requerido por Island Properties.*

*20. Ninguna de las personas copiadas en el correo electrónico del 5 de noviembre de 2018 contestó el correo electrónico enviado por Ed Stutz.*

*21. En la "Contestación a la Demanda" presentada por Island Properties, esta parte no negó que el Sr. Stutz haya tenido capacidad representativa para obligarle o que tal actuación no hubiese ocurrido. Sino que, se limitó a indicar que Nazbnaz no tenía autorización para hacer los trabajos facturados por Caribbean Construction.*

*22. La factura 1161 está vencida, líquida y exigible.*

*23. Los días 15 de abril de 2019 y 15 de mayo de 2019 se emitieron cartas de cobro a CPG dirigidas a Anthony Santoro a la dirección anthony.santoro@cpgservicing .com y a Sam Kirschner a la dirección skirschner@cpgrealestate.com.*

**b. Hechos materiales que están en controversia**:

*1. Si Island Properties contrató a Caribbean Construction para realizar los trabajos descritos en la factura núm. 1161.*

*2. Si Island Properties, a través del Sr. Benito Rodríguez y el Sr. Edward Stutz, solicitó ciertos trabajos a Caribbean Construction para ser realizados en el Local 126 de Paseo Caribe, arrendado por Nazbnaz, donde ubicaría el local comercial Posh Haus.*

*3. Si el Sr. Edward L. Stutz, t/c/c Ed Stutz t/c/c Eddie, fungía como vicepresidente de administración de activos (VP, Asset Management) para Island Properties.*

*4. Si el Sr. Benito Rodríguez fungía como Proyect Manager de Island Properties y/o Paseo Caribe, y si era la mano derecha del Sr. Edward Stutz.*

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, revocamos la "Sentencia" apelada, emitida por el Tribunal de Primera Instancia, Sala de San Juan. Se devuelve al foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda.  Lilia M. Oquendo Solís
                         Secretaria del Tribunal de Apelaciones